WESTERN UNION TELEGRAPH COMPANY *v*. PHILBRICK.

4-3605

Opinion delivered November 26, 1934.

Francis R. Stark, Elmer L. Lincoln and Rose, Hemingway, Cantrell & Loughborough, for appellant.

M. V. Moody and W. S. Atkins, for appellee.

McHANEY, J.   Appellee brought this action against appellants to recover damages for personal injuries sustained by her when struck by Daniel McGrew, the other appellant's messenger boy, on a bicycle, as she attempted to cross East Markham Street between the intersection in the 500 block in the city of Little Rock, on April 21, 1933. In the midst of the trial after a number of witnesses had been examined, the following occurred:

"The court: At this point in the trial, the court is advised that there is a message to one of the jurors, Mr. Allen Johnson, to the effect that his sister is at the point of death.   Whereupon the court excuses Mr. Johnson from the jury, and announces its intention of proceeding with the trial with eleven jurors.   The defendant moves the court to declare a mistrial, which the court declines to do." "Mr. Lincoln: The defendant excepts."

The case proceeded over appellants' objections before the eleven jurors, and a verdict was returned against appellants signed by all eleven jurors, upon which judgment was entered and from which comes this appeal.

For a reversal of the judgment against them appellants first insist that the court erred in continuing the trial with only eleven jurors over their protest.   This assignment of error must be sustained.   Section 7 of the Declaration of Rights, which is § 7 of article 2 of our Constitution, reads as follows: "The right of trial by jury shall remain inviolate and shall extend to all cases at law without regard to the amount in controversy; but a jury trial may be waived by the parties in all cases in the manner prescribed by law."

In construing this section, this court in Minnequa Cooperage Co. v. Hendricks, 130 Ark. 264, 197 S. W. 280, held that it referred unquestionably to the jury trial as known and recognized by the common law, and further

held that the word "jury" at common law means twelve men, and that the Legislature could not abridge the number. The earlier decisions of the court in construing similar provisions of an earlier Constitution were there reviewed. Section 7, article 2, of our Constitution was amended by amendment No. 16, so as to read as follows: "The right of trial by jury shall remain inviolate, and shall extend to all cases at law, without regard to the amount in controversy; but a jury trial may be waived by the parties in all cases in the manner prescribed by law; and in jury trials in civil cases, where as many as nine jurors agree upon a verdict, the verdict so agreed upon shall be returned as the verdict of such jury; provided, however, that where a verdict is returned by less than twelve jurors, all the jurors consenting to such verdict shall sign the same." This amendment to the Constitution clearly recognizes that a jury must consist of twelve jurors. Of course, the parties could have consented to a continuation of the trial with eleven jurors; but appellants did not consent. On the contrary, they moved for a mistrial because the juror was excused, and excepted to the refusal of the court to order a mistrial.

But appellee says that appellants waived the legal number of jurors by proceeding with the trial and their acquiescence therein, by the questioning of witnesses and moving the court for a peremptory instruction, all of which, it is insisted, amounted to a waiver of a jury of twelve persons. We cannot agree with this argument. Cases cited by counsel for appellee are not in point. Appellants had the constitutional right to a trial by a jury of twelve persons, and cannot be held to have waived this right by proceeding to defend this action before a jury of eleven. They were compelled to do so by order of the court or else abandon further participation in the case. Nor does the fact that all eleven of the jurors signed the verdict help the situation, as appellants were entitled to have twelve jurors present, and it cannot be said that the result would have been the same had the twelfth man been present. This, however, could make no difference as to whether the result might

or might not have been the same, as appellants' constitutional rights were invaded.

Other questions are argued by counsel for appellants for a reversal of the judgment, but, inasmuch as they may not occur again in a subsequent trial, we refrain from a discussion of them.

For the error indicated, the judgment will be reversed, and the caused remanded for a new trial.