MARY J. McGARTY *vs.* LUCIUS P. DEMING, JUDGE.

The charter of the city of New Haven denies an appeal from a conviction of drunkenness before the city court. Held—

1.  That the general statute giving appeals from convictions for that offence before a justice of the peace, did not affect the case.
2.  That this provision of the charter was not unconstitutional as conflicting with the provision of the constitution that "the right of trial by jury shall remain inviolate," since a person prosecuted for drunkenness had no right to a jury trial at the time the constitution was adopted.

Whether the offence does not fall within the police powers of the state, so that the legislature may regulate the trial and punishment of it as it pleases: *Quære.*

APPLICATION for a mandamus to compel the defendant, who was judge of the City Court of the city of New Haven, to allow an appeal; brought to the Superior Court. The defendant demurred to the application, and the case was reserved, upon the demurrer, for the advice of this court. The case is more fully stated in the opinion.

*T. E. Doolittle,* in support of the demurrer.

*J. 1. Hayes,* contra.

CARPENTER, J. The plaintiff having been convicted of the crime of drunkenness before the City Court of New Haven, moved for an appeal to the Superior Court, which motion was denied. She then brought this suit for a mandamus to compel the judge to allow the appeal. The defendant demurred, and the case is reserved for the advice of this court.

The statute allows an appeal in such cases when they are tried by a justice of the peace. Gen. Statutes, p. 533,

sec. 7. But when tried by the City Court of New Haven the charter of the city denies the right of appeal. The plaintiff claims that the general statute, although in terms applying only to cases tried by justices of the peace, yet in its spirit and intention applies also to cases tried in the City Court, and should prevail notwithstanding the provisions of the charter. That distinction may be incongruous and may have been the result of inadvertence. On the other hand it may be that it was intended, for reasons regarded as sufficient, to make the judgment of the City Court conclusive. However that may be, we are not at liberty to ignore the distinction, but must take the statute as we find it.

In the next place, it is contended that the provisions of the charter violate that clause in the constitution securing to parties the right to a trial by jury. A party accused of drunkenness had no right to a trial by jury when the constitution was adopted. As the law then was he was tried by a justice of the peace without a jury, and with no right of appeal. Stat. 1808, p. 231. Hence the constitution does not in such cases secure a right to a jury trial.

Besides, it may be a question whether this offence does not fall within the police powers of the state, so that the legislature may regulate the trial and punishment thereof as it pleases.

We advise the Superior Court that the complaint is insufficient.

In this opinion the other judges concurred.