STATE OF CONNECTICUT *v.* MARK F. HELLER

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CR 7-6573

Argued June 13—decided November 4, 1966

*David M. Reilly, Jr.,* of New Haven, for the appellant (defendant).

*William I. Mark,* assistant prosecuting attorney, for the appellee (state).

KOSICKI, J.  At the time of his arraignment on an information alleging a violation of § 53-246 of the General Statutes in having been found intoxicated, the defendant pleaded not guilty and elected to be tried to the jury.  The request was denied *(Matzkin, J.)* on the ground that § 51-266 provided that there shall be no right to trial by jury in criminal actions where the maximum penalty is a fine of $50 or a jail sentence of thirty days or both.  Under § 53-246, the maximum penalty which can be imposed on a person found guilty of being found intoxicated is a fine of $20 or a jail sentence of thirty days.  No exception to the ruling was taken.

The defendant was then tried to the court and found guilty.  The effective sentence was within the maximum that could be imposed.  Appeal was taken both from the ruling denying a jury trial and

from the judgment rendered on the trial of the issues of fact. The defendant requested a special finding, which was filed, on the question of his right to a jury trial, and, on appeal, he made this the subject of a separate assignment of errors. He also filed assignments of error attacking the finding of the court before which the case was tried and claimed various errors, including that of denial of trial by jury. The procedure followed is not in accord with our practice. Only one finding and one assignment of errors, containing all errors claimed to have been committed during the entire course of the proceedings, would be sufficient to protect the defendant's rights on appeal.

In the ordinary case, not involving a serious crime and imposing a substantial penalty, where the defendant, after his preliminary motion or demurrer attacking the information has been overruled, enters a plea of not guilty and proceeds to trial, he is precluded from pursuing on his appeal any error claimed in the overruling of his demurrer or motion without reference to all the proceedings following the plea. We shall, however, adopt the course followed by the court and the parties, because in both the special finding and the principal finding the question of the constitutionality of § 51-266 has been raised, and it was pursued throughout the action and on appeal. *State* v. *Sul,* 146 Conn. 78, 81, 83.

The defendant asserts that § 51-266 is violative of article first, §§ 8 and 19, of the constitution of Connecticut and of the sixth amendment to the constitution of the United States as guaranteed by the fourteenth amendment. His specific claims are that at the time of the adoption of a Connecticut constitution in 1818 an accused was entitled to a trial by jury. He bases his claim on a provision of Stat-

utes, 1808, p. 241, which penalized a person who was found drunken and was convicted thereof by the imposition of a fine of $1.34 and, upon failure to satisfy the fine, by being set in the stocks, there to remain not more than three hours nor less than one hour. From this, the defendant argues that the constitution of 1818 guaranteed a jury trial where a penalty of a day or more could be imposed.

This is a non sequitur. With the adoption of the 1818 constitution, all forms of criminal punishment prevailing in colonial times, except fine, penal confinement or death, were terminated. The stocks, the whipping post and branding with the scarlet letter (if resort to the last ever was recognized in Connecticut) had disappeared in a resurgence of respect for the dignity of mankind and inviolability of the person.

The rule preserving the constitutional right to a jury trial has been settled in both the state and federal jurisdictions. Concisely stated, there is no constitutional right to a trial by jury unless the right to such a trial existed at the time the constitution was adopted. In *McGarty* v. *Deming,* 51 Conn. 422, 423, the claim made here was precisely answered. The court said: "A party accused of drunkenness had no right to a trial by jury when the constitution was adopted. As the law then was he was tried by a justice of the peace without a jury, and with no right of appeal. Stat. 1808, p. 231. Hence the constitution does not in such cases secure a right to a jury trial. Besides, it may be a question whether this offence does not fall within the police powers of the state, so that the legislature may regulate the trial and punishment thereof as it pleases." See such cases as *Swanson* v. *Boschen,* 143 Conn. 159, 162; *In re Clayton,* 59 Conn. 510, 519; *LaCroix* v. *County Commissioners,* 50 Conn.

321, 327; *Seeley* v. *Bridgeport,* 53 Conn. 1, 2; *State* v. *Worden,* 46 Conn. 349, 365; *Curtis* v. *Gill,* 34 Conn. 49, 54. For a review of the origin and history of and the right to jury trials, reference is made to *State* v. *Gannon,* 75 Conn. 206, 226-32; *United States Fidelity & Guaranty Co.* v. *Spring Brook Farm Dairy, Inc.,* 135 Conn. 294, 297-99.

Nor is there any right to a jury trial to which the defendant is entitled under the sixth amendment to the federal constitution. "There is no national common law in the United States distinct from the common law which each state has adopted for itself and which it applies as its local law subject to such alteration as may be provided by its statutes." 15 Am. Jur. 2d 799, Common Law, § 4. In the District of Columbia, the government of which is by act of Congress, the common law which prevails is that which was in force in Maryland at the time of the cession of the part of its territory which now comprises the District. 24 Am. Jur. 2d, District of Columbia, § 10. There is no right to a trial by jury under the federal constitution for petty offenses, as they may be defined by statute, unless such a right existed at common law antecedent to the adoption of the state constitution or unless the offense is so grave as to be comparable to offenses recognized at common law as entitling the defendant to a trial by jury. See *District of Columbia* v. *Clawans,* 300 U.S. 617, 624-27; *District of Columbia* v. *Colts,* 282 U.S. 63. The defendant's second "special" assignment of error is without merit. It is, therefore, unnecessary to consider the first assignment, as to whether the claim just discussed was available to the defendant in the absence of an exception by him to the court's ruling denying a jury trial.

After the defendant had moved to correct the court's finding, the trial judge made a number of

corrections and additions to the finding of facts, the conclusions reached, and a statement on a ruling of law made at the trial. The further corrections sought by the defendant are not warranted. They were neither admitted nor undisputed facts, and we cannot enter upon the fruitless task of examining what credibility the trial court should have accorded to disputed testimony.

The needful facts found by the court can be briefly stated. On September 30, 1964, at 1:50 a.m., the defendant was found by Sergeant O'Leary of the Cheshire police department. He was seated in the driver's seat in a car parked at the side of a public street and partly occupying the traveled portion. The car had new dealer's plates and the lights were off. The sergeant placed his car in such a position that its headlights shone directly at the windshield of the parked automobile. He then walked up to it and recognized the person in it as the defendant, whom he had seen several times in Cheshire and had arrested on a prior occasion. He asked the defendant several questions about his presence there but received no reply. He detected a strong odor of alcohol on the defendant's breath. When, at the sergeant's request, the defendant got out of his car, he was unsteady on his feet and, in an off-balance lunge, moved about fifteen or twenty feet toward the rear of the car. The sergeant then told the defendant to get into the police cruiser, and he was taken to the police station a short distance away. There he was presented before the desk officer. He was still unsteady on his feet and smelled strongly of liquor, his clothing was disarranged, and he was violent in protesting routine police investigative procedure and refused to answer any questions put to him. The police were unable to complete their preliminary investigation, which also involved the ownership and registration

of the car which had been occupied by the defendant, and at 1:58 a.m. placed him in a cell after telling him that he was found intoxicated. During his questioning by the police, he offered no answer or statement; he remained silent. He indicated that he would answer questions if he could call a lawyer. The request was not granted. No further inquiry or investigation was pursued and no statement of the accused, either inculpatory or exculpatory, was obtained from him or offered on the trial. Ten minutes after the defendant had been placed in a cell, the sergeant, having received information concerning the registration from the motor vehicle department, went to speak to him. He found him asleep. He called the defendant's name several times without response. The defendant wakened at 7:05 a.m., signed a form to the effect that he had been warned of his right to counsel, to remain silent, and to be free on bail. Approximately ten minutes later, he telephoned his attorney.

The defendant claims various errors on the part of the court in nine paragraphs of his assignment of errors. The last assignment, as to his right to a jury trial, has been disposed of above and requires no further consideration. As to the remaining paragraphs of the assignment, the defendant has failed to comply with the requirements of Practice Book §§ 989 and 990 and Form 819 (B). The allegations that the findings of fact and conclusions "were against the weight of evidence and were founded on testimony that did not rebut facts that show such conclusions are not beyond reasonable doubt" present no issue of law or fact which we can review. We would have to retry the case, and to do that is not within our province. *Morse* v. *Morse*, 128 Conn. 138, 139. We find that the facts were not found without evidence; weight and credibility were for the trial court to decide. *Krulikow-*

*ski* v. *Polycast Corporation,* 153 Conn. 661, 668. The second assignment is without merit.

The court concluded, both as to fact and law, that the defendant was found intoxicated by Sergeant O'Leary and, upon the subordinate facts in the finding, made its ultimate finding of guilt beyond a reasonable doubt. We have examined the entire evidence to determine the correctness of the court's ultimate conclusion and have given consideration to the finding for the purpose of determining the specific facts found by the court on conflicting evidence. *State* v. *Hodge,* 153 Conn. 564, 572; *State* v. *Foord,* 142 Conn. 285, 286. There was ample evidence, supplemented by the inferences the court could have reasonably drawn, to justify its conclusions. *Katz* v. *Martin,* 143 Conn. 215, 217; *State* v. *Foord,* supra, 287.

In the third assignment of error, the defendant claims that the court erred in failing to include all but one of the twenty-four paragraphs in his motion to correct the finding of subordinate facts. There is nothing in this submission which had not been adequately stated in the court's original and corrected finding. Furthermore, many of the findings requested rested on conflicting evidence or on the credibility of witnesses. Even though a fact testified to is not contradicted, that does not establish it as an admitted or undisputed fact, requiring its inclusion in the court's finding. *Walkinshaw* v. *O'Brien,* 130 Conn. 151, 153; *Morse* v. *Morse,* 128 Conn. 138, 139.

The foregoing observations apply with equal effect to dispose of the defendant's claims in the other paragraphs of his assignment of errors, with one exception. This exception attempts to raise the constitutional issue of the defendant's right to counsel immediately on his apprehension and later detention by the police. It is also mistakenly asserted that

the defendant was deprived, by the conduct of the police, of the opportunity of obtaining evidence, by a blood test or other means, "which would have conclusively proven his innocence." There is nothing in the finding, the motion to correct, or the evidence which would tend to support that claim. At no time did the defendant ask for a medical examination or a chemical test to determine his state of sobriety or intoxication. He refused to submit himself to any of the so-called performance or physical tests used routinely by the police to reinforce their observations, and the opinions drawn therefrom, as to the condition of a person relative to intoxication. Such evidence is admissible. *State* v. *Jones,* 124 Conn. 664, 668. The defendant evidently confuses his own situation with that of a person arrested for operating a motor vehicle while under the influence of intoxicating liquor. General Statutes § 14-227a (b) (5). The examination there provided is a statutory right, accompanied by corresponding duties. Such an examination is not required either under the provisions of § 53-246, for the violation of which the defendant was prosecuted and found guilty, or by any guarantee of the state or federal constitution. At best, the claim of the defendant amounts to this: If his attorney had been present, he would have ordered a professional examination to establish the defendant's innocence. If the defendant wanted such an examination, he had only to ask for it. We cannot speculate as to what the results would have been if, indeed, he had requested such an examination, as he had a right to do, at his own expense. The defendant gains nothing by this assignment.

At the trial, the defendant made the claim of law that his rights under the sixth and fourteenth amendments to the constitution of the United States were violated in that he was denied the right to counsel at the time of his examination and detention

at the police station. He thereupon made a motion to dismiss the charge, and the motion was denied.

In the latest reported case, *Miranda* v. *Arizona*, 384 U.S. 436, affirming the decision in *Escobedo* v. *Illinois*, 378 U.S. 478, the rule enunciated by the Supreme Court of the United States respecting right to counsel under the sixth amendment, made applicable to the states through the due process clause of the fourteenth amendment, made clear that the denial of counsel is inextricably linked with the right against self-incrimination guaranteed under the fifth amendment. In *Miranda*, the majority of the court, speaking through Mr. Chief Justice Warren, said (p. 442): "That case [*Escobedo*] was but an explication of basic rights that are enshrined in our Constitution—that 'No person . . . shall be compelled in any criminal case to be a witness against himself,' and that 'the accused shall . . . have the Assistance of Counsel'—rights which were put in jeopardy in that case through official overbearing." The majority decision further states (p. 445): "The constitutional issue we decide in each of these cases is the *admissibility of statements* obtained from a defendant questioned while in custody and deprived of his freedom of action. In each, the defendant was questioned by police officers, detectives, or a prosecuting attorney in a room in which he was cut off from the outside world. In none of these cases was the defendant given a full and effective warning of his rights at the outset of the interrogation process. In all the cases, *the questioning elicited oral admissions,* and in three of them, *signed statements as well which were admitted at their trials.* They all thus share salient features—incommunicado interrogation of individuals in a police-dominated atmosphere, resulting in self-incriminating statements without full warnings of constitutional rights." (Italics supplied.)

In the present case, it is found by the court and admitted by the defense that in the course of the early police questioning the defendant stated he would answer questions if he could call a lawyer. His request was denied. Thereafter, all questioning ceased, and in several minutes he went into a sound slumber from which he did not waken for several hours. He was then warned of his rights and obtained counsel. The early denial of the request to have counsel for the reason stated, under the circumstances of this case, was not a denial of the right to assistance of counsel under the sixth amendment. *Schmerber* v. *California,* 384 U.S. 757, 765. The defendant at no time made any self-incriminating statements. He remained silent and confessed nothing. That was his right under the fifth amendment. Nothing that may have been uttered by him that would have been inadmissible or objectionable was offered in evidence on trial. Thus, under neither the *Escobedo* nor the *Miranda* decision was the defendant deprived of his right to counsel so that the trial lacked the fundamental fairness essential to our concept of justice. He was not convicted by his own statements, admissions or confessions, compelled, enforced or extracted from him by force, trickery or inquisitorial methods. He was found guilty as a result of testimony of the ordinary, objective observations of his conduct and behavior, which bore the indicia of his state or condition of intoxication, made by a police officer. *Holt* v. *United States,* 218 U.S. 245, 252-53; *Schmerber* v. *California,* supra, 760. The police were under a duty to make those observations and take such steps as the law dictated. They could not close their eyes to what they saw.

There is no error.

In this opinion JACOBS and LEVINE, Js., concurred.