No. 115.  HELLER *v.* CONNECTICUT.  Sup. Ct. Conn. Certiorari denied.  *David M. Reilly* for petitioner.  *William I. Mark* for respondent.

MR. JUSTICE FORTAS, with whom MR. JUSTICE DOUGLAS joins, dissenting.

A policeman saw petitioner seated in an improperly parked car at 1:50 a. m.  The policeman spoke to petitioner, but received no reply.  He detected a strong odor of alcohol on petitioner's breath.  He took petitioner to a nearby police station.  Petitioner requested permission to call an attorney.  The request was refused.  He was questioned, but refused to answer.  He said he would answer questions if he could call a lawyer.

According to the police, petitioner was unsteady on his feet and his clothes were disarranged.  No medical or chemical test for drunkenness was administered to petitioner or requested by him.  Petitioner refused, in the absence of counsel, to submit to the performance tests routinely used by police in such cases.

Petitioner was placed in a cell.  He was awakened at 7:05 a. m. and signed a form to the effect that he had been warned of his right to counsel, to remain silent, and to be free on bail.  Ten minutes later, he telephoned his attorney.

Petitioner was thereafter brought to trial before a judge of the Seventh Circuit Court of Connecticut.  He was represented by counsel.  He demanded and was denied a jury trial.  He also asserted that his rights under the Sixth and Fourteenth Amendments to the United States Constitution had been violated because he was denied counsel at the time of his detention and examination at the police station.  These claims were denied, and judgment was entered that defendant was guilty of the crime

of being "found intoxicated." Conn. Gen. Stat. Rev. § 53–246.

The maximum penalty for this offense under Connecticut law is a $20 fine or a jail sentence of 30 days. Petitioner was sentenced to a fine of $20 and a jail sentence of 10 days. Execution of the jail sentence was suspended. On appeal, the judgment was affirmed by the Appellate Division of the Circuit Court of Connecticut (4 Conn. Cir. 174, 228 A. 2d 815), and a petition for certification to the Supreme Court of Connecticut was denied by that court (154 Conn. 743, 226 A. 2d 521). A petition for certiorari was duly filed with this Court, limited to the right-to-counsel question.

We should grant the petition. Sharply and clearly it presents the following important questions: (1) Whether a prosecution for being "found intoxicated," subjecting the defendant to as much as 30 days' imprisonment, is within the category of serious state criminal prosecutions to which the federal constitutional guarantee of assistance of counsel applies, under the decisions of this Court. See *Gideon* v. *Wainwright,* 372 U. S. 335 (1963); (2) Whether, if the answer to this question is in the negative, we should now hold that the constitutional guarantee of counsel applies to the present case and to other relatively "minor" offenses or misdemeanors carrying significant penalties for their violation; and (3) Whether denial of a request for counsel in the circumstances here presented, after arrest and without reference to police interrogation or to any admission by the accused, violates the Constitution and invalidates a conviction.

In connection with this last point, we should consider whether a person who is arrested and jailed is entitled to telephone his lawyer and to consult with him, even in the absence of a showing that denial of a request to this effect has resulted in specific prejudice. In our

society, we reject the theory that the police may seize and hold a citizen *incommunicado*. This is fundamental to our constitutional system. I would think that a person, plucked from the streets and put in a cell, is entitled—as of right—to let his family know that he is in jail and to call for assistance. Cf. *Haynes* v. *Washington,* 373 U. S. 503 (1963).

The present case, however, does not depend upon establishing an absolute right to call a lawyer after arrest. Petitioner's lawyer, had petitioner's request to call him been granted, might have performed an important function, which was not capable of performance five or six hours later. He might have insisted upon medical or chemical tests; he might have summoned a private physician. At the very least, he could have informed the arrested person's family and friends that the accused had not disappeared without a trace, but was held, safely if unhappily, in jail.

In contrast with petitioner's need for an attorney is the absence of any legitimate state interest in forbidding petitioner to call one. I believe the issue thus posed is both important and certain to recur. I would grant certiorari to resolve that issue now.