State of Connecticut *v.* Anonymous (1971–6)*

Appellate Division of the Circuit Court

---

* Thus entitled, in view of General Statutes § 54-90.

PER CURIAM. The defendant was given a uniform traffic summons (see Practice Book § 852) for failure to obey a traffic control signal on a public highway, in violation of § 14-299 of the General Statutes.[1] The defendant's pretrial motion for a jury trial was denied, and, after a trial to the court, the defendant was found not guilty and an order of discharge was entered.

On this appeal, the defendant claims that the statute (§ 51-266) denying the right to trial by jury where the maximum authorized penalty is a fine of $50 or a jail sentence of thirty days, or both, is unconstitutional under federal and state constitutional provisions.

In *Baldwin* v. *New York*, 399 U.S. 66, 68, the United States Supreme Court said: "In *Duncan* v. *Louisiana*, 391 U.S. 145 (1968), we held that the Sixth Amendment, as applied to the States through the Fourteenth, requires that defendants accused of serious crimes be afforded the right to trial by jury. We also reaffirmed the long-established view that so-called 'petty offenses' may be tried without a jury."

The question in this case is whether the severity of the maximum authorized penalty—a fine of not more than $50—is enough in itself to require the opportunity for a jury trial. We hold that it is not. In our view, failure to obey a traffic control signal is a "petty offense" because it is an offense "which . . . [does] not offend too deeply the moral purposes of the community, which . . . [is] not too close to society's danger, and . . . [is] stigmatized by punish-

---

[1] Under the penalty provisions of chapter 249, entitled, "Uniform Traffic Control and Highway Safety," the maximum authorized penalty for a violation of a traffic control signal is a fine of not more than $50. General Statutes § 14-314.

ment relatively light."[2] Frankfurter & Corcoran, "Petty Federal Offenses and the Constitutional Guaranty of Trial by Jury," 39 Harv. L. Rev. 917, 981; cf. Kaye, "Petty Offenders Have No Peers," 26 U. Chi. L. Rev. 245, 271.

Apart from the fact that the question raised on appeal is now moot; see *Eastern Electric Construction Co.* v. *Morrissey,* 142 Conn. 742, 743; we are entirely satisfied that the defendant has been deprived of no right to which he was constitutionally entitled. See *McGarty* v. *Deming,* 51 Conn. 422, 423; *Goddard* v. *State,* 12 Conn. 448, 454; *State* v. *Heller,* 4 Conn. Cir. Ct. 174, 177, cert. denied, 389 U.S. 902.

The appeal is dismissed.

DEARINGTON, CASALE and JACOBS, Js., participated in this decision.

---

[2] A violation of a traffic control signal (§ 14-299) falls within the authority of the traffic violations bureau of the Circuit Court under Practice Book §§ 858–864.