STATE OF CONNECTICUT *v.* ANONYMOUS (1971–16)

APPELLATE DIVISION OF THE CIRCUIT COURT

DEARINGTON, J. The defendant, having entered a plea of guilty to the crime of larceny and having been found guilty by the court, has appealed, assigning error in that the court advised him that he was not entitled to the services of the public defender,

failed to advise him of a right to plead not guilty and elect to be tried by jury, accepted a plea of guilty after he had indicated he wished to consult an attorney, failed to inquire whether his plea was voluntary, and failed to question him to determine whether he understood the nature and consequence of his plea of guilty.

The defendant appeared in court unrepresented by counsel. The court asked him if he wanted a continuance to consult with an attorney. The court advised him that the maximum penalty for larceny of property not in excess of $15 in value, the crime claimed by the state, was a fine of $25 or thirty days' imprisonment or both. General Statutes § 53-63. The court further advised him that because of the maximum penalty he, the defendant, was not entitled to the services of the public defender. The defendant had not requested the services of the public defender, nor had he claimed indigency. The defendant then requested a continuance, and the case was continued for one week. Immediately thereafter, he informed the court that he was preparing to go to the hospital. The court asked him if he wanted a "longer continuance," and he answered, "I plead guilty, I guess." He was thereupon arraigned and entered a plea of guilty.

We first consider the denial of the services of the public defender. Section 845A of the Practice Book, relating to criminal procedure in the Circuit Court, provides as follows: "In all criminal actions, including motor vehicle actions, punishable by confinement for more than thirty days, the judge before whom the matter is pending shall, if he determines that the defendant is unrepresented and financially unable to retain counsel, designate the public defender . . . to represent the defendant." The defendant does not cite this rule, but his argument, in effect, would render the rule unconstitutional. He cites no author-

ity enunciated in any judicial decision of the United States Supreme Court which requires a court-appointed attorney in all criminal cases irrespective of the penalty. He relies on *Gideon* v. *Wainwright,* 372 U.S. 335, and *Carnley* v. *Cochran,* 369 U.S. 506. *Gideon* established the rule that the right to counsel guaranteed by the sixth amendment is applicable to the states by virtue of the fourteenth amendment, making it unconstitutional to try a person for a felony in a state court unless he had a lawyer or had validly waived one. In *Carnley,* the accused was charged with incestuous relations with his thirteen-year-old daughter and with indecent assault. There were complicated aspects of the case involving the validity of the act under which he was prosecuted and other procedural difficulties. Such considerations were deemed sufficient to require a conclusion that the trial without defense counsel did not measure up to the requirements of the fourteenth amendment. These cases lend no support to the defendant's argument. The defendant cites a number of cases in both federal courts and state jurisdictions holding that a defendant in any criminal case, if indigent, is entitled to the services of an appointed attorney if the offense is punishable by loss of liberty, irrespective of whether the crime is a felony or misdemeanor. *James* v. *Headley,* 410 F.2d 325; *United States ex rel. Durocher* v. *LaVallee,* 330 F.2d 303; *State* v. *Borst,* 278 Minn. 388; *State* v. *Rush,* 46 N.J. 399. While we do not ignore the persuasiveness of such decisions, we nevertheless hold that until we have a definite decision by the Supreme Court of the United States or our Supreme Court requiring the appointment of counsel for an indigent person who is charged in our state court with a simple misdemeanor, as defined by our laws, we will continue to be controlled by the provisions of § 845A of the Practice Book. See *State* v. *DeJoseph,* 3 Conn. Cir. Ct. 624, 629.

The defendant further asserts that had he been advised of his right to plead not guilty he would then have been entitled to elect trial by jury. He argues that article first, § 8, of our state constitution guarantees such a right. It provides in part as follows: "In all criminal prosecutions, the accused shall have a right . . . to a speedy, public trial by an impartial jury." It is practically identical with the sixth amendment to the United States constitution, which amendment is binding on the states by virtue of the fourteenth amendment. *Duncan* v. *Louisiana*, 391 U.S. 145. Section 51-266 of the General Statutes provides that "[t]here shall be no right to trial by jury in criminal actions where the maximum penalty is a fine of fifty dollars or a jail sentence of thirty days, or both." We had occasion to consider this question in *State* v. *Anonymous (1971-6)*, 6 Conn. Cir. Ct. 451, 452, and there held that § 51-266 violated no constitutional right to which the defendant was entitled. We noted *Duncan* v. *Louisiana*, supra, which holds (p. 159): "Crimes carrying possible penalties up to six months do not require a jury trial if they otherwise qualify as petty offenses." We cited *Baldwin* v. *New York*, 399 U.S. 66, in which this criterion was reaffirmed. There is no merit in this claim.

The defendant further contends that the court failed to determine whether his plea was voluntary. He cites *Boykin* v. *Alabama*, 395 U.S. 238. In the instant case, however, we find it unnecessary to consider the application, if any, of *Boykin*. "A court will not allow a party to enter a plea of guilty until satisfied that it is freely made and that the party making it understands its purport and effect; for the entry of such a plea is in effect a conviction and the equivalent of a finding of guilty by a jury." *State* v. *Carta*, 90 Conn. 79, 81. "Before accepting a plea of guilty, it is the duty of the court to satisfy

itself of the voluntary character of the plea, especially where the accused is without counsel . . . ." 21 Am. Jur. 2d, Criminal Law, § 486. Since, in this criminal case, involving loss of liberty, in which the defendant was unrepresented, it does not clearly appear on the record that the plea was voluntary, we are constrained to find error. See *Williams* v. *Reincke,* 157 Conn. 143, 147–49. As a new trial must be had, it is unnecessary to consider the claim appearing in the defendant's "Notice of Appeal," which he filed pro se, that the prosecutor advised him that if he entered a plea of guilty he would not be sent to jail.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion CASALE, J., concurred.

JACOBS, J. (concurring). With the growing awareness of guilty plea procedures, a judge is no longer "a mechanical robot in handling pleas of guilty." Hoffman, "What Next in Federal Criminal Rules?" 21 Wash. & Lee L. Rev. 1, 8. "Particularly inadequate was the practice of asking leading questions which called for no more than a 'Yes' or 'No' answer from the defendant." 8 Moore, Federal Practice (2d Ed.) ¶ 11.03[1] [a], n.4. As I view the record in this case, the court's inquiry of the defendant, who was at all times without counsel, was "a stilted and formal colloquy consisting of brief and didactic statements by the judge." *Smith* v. *United States,* 238 F.2d 925, 927, n.5. It is not too much to require that, before sentencing defendants to imprisonment, judges take the few minutes necessary to inform them of their rights and to determine whether they understand the action they are taking. The observance of any particular ritual is not required to expose a defendant's state of mind on the record through personal interrogation; see *United States*

v. *Lester,* 247 F.2d 496, 499; but when, as in the present case, a defendant appears without the benefit of counsel, an even more exacting inquiry is demanded. The examination here was too perfunctory and too hurried; consequently, the plea of guilty should not have been accepted.