STATE OF CONNECTICUT *v.* ALTON W. WHEELER

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 1022

Argued January 20–decided May 29, 1981

*Alton W. Wheeler,* pro se, for the appellant (defendant).

*Carl Schuman,* deputy assistant state's attorney, for the appellee (state).

SHEA, J. The defendant, who appears without counsel, has appealed his conviction for operating an unregistered motor vehicle on a highway in violation of General Statutes § 14-12 (a).[1] His principal claim of error is the denial of his demand for a jury trial. He also contends that he was denied his right to the assistance of counsel and to have witnesses testify in his behalf. His final claim is that the motor vehicle registration statute is unconstitutional because the provisions of General Statutes § 14-49 (a)[2] for payment of the registration fee in dollars violates article first, § 10, of the federal constitution which prohibits a state from making anything but gold or silver coin a "tender in payment of debts."

The defendant's claim of a constitutional right of jury trial upon a charge of operating an unregistered motor vehicle raises the issue of the validity of the provision of General Statutes § 51-239b (Rev. to 1979) that "[t]here shall be no right to trial by jury in criminal actions where the maximum penalty is a fine of ninety-nine dollars or a sentence of thirty days, or both." The operation of an unregistered motor vehicle upon a public highway is an infraction. General Statutes § 14-12 (a). The maximum penalty which

---

[1] General Statutes § 14-12 (a) (Rev. to 1979) provides in part that "[n]o motor vehicle shall be operated or towed upon any highway . . . without first being registered with the commissioner . . . ." The "infractions complaint" used as the charging document in this case refers to "14-12a," rather than to § 14-12 (a). General Statutes § 14-12a (Rev. to 1979) pertains to the registration of certain commercial motor vehicles in this state.

[2] At the time of the defendant's arrest on May 3, 1980, General Statutes § 14-49 (a) (Rev. to 1969) provided in part that "[f]or the registration of each passenger motor vehicle . . . the annual fee shall be twenty dollars . . . ."

may be imposed for an infraction is a fine of ninety-nine dollars. General Statutes § 51-164m (c). It is clear, therefore, that the defendant had no statutory right of jury trial.

The defendant relies upon the sixth[3] and seventh[4] amendments of the constitution of the United States in asserting his right to trial by jury. The sixth amendment guaranty of the right of jury trial in criminal cases has been construed to exempt the trial of petty offenses. *Duncan* v. *Louisiana*, 391 U.S. 145, 160, 88 S. Ct. 1444, 20 L. Ed. 2d 491 (1968). The parameters of this exception have now been established to permit nonjury trials where the maximum period of incarceration which may be imposed for the offense does not exceed six months. *Baldwin* v. *New York*, 399 U.S. 66, 74, 90 S. Ct. 1886, 26 L. Ed. 2d 437 (1970). It has also been indicated that where the maximum fine provided is no greater than $500 there is no right of jury trial under the sixth amendment. Id., 71; *Duncan* v. *Louisiana*, supra, 161. The defendant, therefore, had no right of jury trial under the sixth amendment.

The seventh amendment also affords the defendant no right of jury trial in this case. It has never been held that such a right in civil cases, which the seventh amendment establishes in the federal courts, is an element of due process of law applicable to state courts through the fourteenth amendment. *Curtis* v. *Loether*, 415 U.S. 189, 192 n.6, 94 S. Ct. 1005, 39 L. Ed. 2d 260 (1974); see annot., 18 L. Ed. 2d 1388,

---

[3] Amendment six provides in part as follows: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury . . . ." It should be noted that a similar provision is contained in article third, § 2, of the constitution: "The trial of all crimes, except in cases of impeachment, shall be by jury . . . ."

[4] Amendment seven provides in part as follows: "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . . ."

1410. In any event, the prosecution of an infraction is not a civil but a criminal case. Practice Book §§ 1000, 1021 (5) and (10).

Although the defendant relies wholly upon the federal constitution in asserting his right to a jury, we must not overlook the provision of our state constitution, article first, § 19, which states that "[t]he right of trial by jury shall remain inviolate." Under this section the right of jury trial in a case depends upon "whether the issue raised in the action is substantially of the same nature or is such an issue as prior to 1818 would have been triable to a jury." *Swanson* v. *Boschen,* 143 Conn. 159, 165, 120 A.2d 546 (1956). It is obvious that the offense of operating an unregistered motor vehicle did not exist in 1818 when our first constitution was adopted, but that fact does not end the inquiry. Id., 163. Such an offense is essentially a violation of a licensing requirement. It has been held that the revocation of a license to sell liquor for a violation of the Sabbath by the licensing agency does not raise an issue triable to the jury in 1818. *La Croix* v. *County Commissioners,* 50 Conn. 321, 327 (1882). No such right has been found with respect to several other petty offenses. *McGarty* v. *Deming,* 51 Conn. 422, 423 (1883) (drunkenness); *Goddard* v. *State,* 12 Conn. 448, 454 (1838) (breach of the Sabbath); *State* v. *Anonymous (1971-6),* 6 Conn. Cir. Ct. 451, 452, 275 A.2d 618 (traffic signal violation); *State* v. *Heller,* 4 Conn. Cir. Ct. 174, 177, 228 A.2d 815 (1966), cert. denied, 389 U.S. 902, 88 S. Ct. 213, 19 L. Ed. 2d 218 (1967) (intoxication). Prosecutions for violating a licensing requirement have generally been regarded as falling within the category of petty offenses not triable to a jury at common law unless the penalty provided exceeds the established limits for such offenses. *District of Columbia* v. *Clawans,* 300 U.S. 617, 624-25, 57 S. Ct. 660, 81 L. Ed. 843 (1937); *Schick* v. *United States,* 195 U.S. 65, 68, 24 S. Ct. 826, 49 L.

Ed. 99 (1904). We conclude that the defendant had no right to a jury trial of the charge against him under our state constitution.

The defendant's claim that he was denied the assistance of counsel is based upon a written claim which he filed seeking to have a layman, unlicensed to practice law in Connecticut or elsewhere, represent him. We are not aware of, and we are not inclined to create, any authority suggesting that the right of a defendant "to have the assistance of counsel for his defense" in the sixth amendment of the federal constitution or the "right to be heard . . . by counsel" in article first, § 8, of our state constitution permits the employment as counsel of persons lacking the required education, training and other qualifications established for the practice of law. See Practice Book § 16.

The claim of a denial of the right to obtain witnesses is similarly frivolous. The defendant never attempted to bring in any witnesses. He could have availed himself of his right to compulsory process in accordance with General Statutes § 52-143 which authorizes the clerk of court to sign subpoenas. In his brief he attempts to excuse this failure upon the ground that he assumed the trial court would rule favorably upon his motion to dismiss the case for lack of jurisdiction. That motion, which has also been pursued on appeal, is too frivolous to warrant any discussion. It does not appear from the record that, after the unfavorable ruling upon his motion, the defendant sought any additional time to obtain his witnesses.

The defendant's final claim is that the motor vehicle registration statutes, by virtue of specifying the registration fee in dollars, conflicts with article first, § 10, of the federal constitution, prohibiting any state from making "anything but gold and silver coin a tender in payment of debts." It does not appear that

the defendant ever offered to pay the registration fee in gold or silver coin. In any event, it is Congress and not the state which has made the dollar a legal tender. Setting the fee in dollars is no more a violation of the clause in question than creating a debt in dollars. There is no merit to this claim of the defendant.

There is no error.

In this opinion DALY and COVELLO, Js., concurred.