## WARWICK v. STATE.

CRIMINAL LAW:  *Lawful jury.*

> By agreement of the parties a defendant in a misdemeanor case may be tried by a
> jury of less than twelve jurors; but mere waiver of the requisite number by
> failing to object to less will not authorize a trial by less than twelve.

APPEAL from *Garland* Circuit Court.
Hon. J. B. WOOD, Judge.

*E. W. Rector* for Appellant.

1.   The constitution fixes the number of jurors in criminal
cases at *twelve*, and the number cannot be less even by agree-
ment.   *Sec. 7, art. 11, Bill of Rights.*

The defendant may *waive* a trial by jury, in misdemeanors,
under *Sec. 2184, Mansf. Dig.*.

But *Sec. 2219, Ib.*, providing for a trial by less than *twelve*
jurors by agreement, is unconstitutional.

The word jury, as used in the constitution, means *twelve*
men, and the legislature cannot change it even by agreement
of parties.   *C. & F. Ry. v. Trout, 32 Ark., 25; Govan v. Jack-
son, Ib., 553; 18 N. Y., 128; 1 How., (Miss.), 163; 4 Ib., 163;
5 Sm. & Marsh., 664; Cooley Const. Lim, 5 ed., top p. 391; 38
Tex., 504.*

2.   Appellant never agreed or consented to be tried by
eleven jurors.   The case should have been withdrawn from the
jury, and tried anew.   *19 Am. Rep., 30.*

*Dan. W. Jones,* Attorney General, for Appellee.

It was not known until the evidence had all been adduced,
and the instructions given, that only eleven jurors had been

accepted. The appellee had not agreed to accept eleven instead of a full panel. When the discovery was made the judge ordered another juror to be sworn, and stated that the whole matter would have to be gone over. The appellant objected to the swearing of the other juror, whereupon, the court ordered the eleven to retire and consider of their verdict, and they acted accordingly.

The objection of appellant was equivalent to a waiver of a full panel, and this he could do. *Sec. 2219, Mansf. Dig.*

Appellant could not trifle with the court in the manner attempted. He had no merit in his case, and produced no evidence whatever against that of the state, and it is acknowledged the state made out the case. This is the only point raised.

SMITH, J. Warwick was indicted for being interested in the sale of liquor to a minor, pleaded "not guilty," was tried by a jury of eleven men, was convicted by their verdict, and was fined. He moved for a new trial, and also in arrest of judgment, because his trial had taken place before a jury of less than twelve, without his consent, as he alleged.

We will let the bill of exceptions tell the story.

" Upon the calling of said cause for trial, the defendant was asked by the court, if he would agree to try said cause with a less number of jurors than twelve, which agreement the defendant declined to make, and a full jury of twelve were ordered into the jury-box by the court; but, by mistake, a jury of eleven were empaneled, and, without objection by defendant, were sworn to try the cause.

" The plaintiff, to maintain the issue upon its part, offered evidence which clearly proved the allegations in the indictment, and which was all the evidence offered in said trial by either party, the defendant having offered none. Whereupon,

Warwick v. State.

the case was submitted without argument, and said court, upon its own motion, instructed the jury upon the law of the case; to which instructions there were no objections made; and while the jury were being instructed as to the law of the case, it was discovered that the jury was composed of only eleven men. Whereupon, the court ordered another juror into the jury-box for the purpose of completing the panel, and stated that the cause would all have to be gone over; to which order the defendant, at the time objected. Whereupon, the court directed said jury of eleven to retire and consider of their verdict. The jury under said instructions of the court, found the defendant guilty."

The bill of rights provides that the right of trial by jury shall remain inviolate, and shall extend to all cases at law, without regard to the amount in controversy; but a jury trial may be waived by the parties, in all cases, in the manner prescribed by law.

**1. Requisite number of trial jury.** *Sec. 2219, Mansf. Dig.*, is as follows: The jurors for the trial of criminal prosecutions shall be selected and summoned as provided by law, and shall be composed of twelve jurors. Provided, That cases other than felony may, by agreement of the parties, be tried by a jury of less than twelve jurors.

The word "jury" is used in the constitution in its common law sense, and means twelve men. *C. & F. R. Co. v Trout, 32 Ark., 25, and cases there cited.* It is said in the last mentioned case that the legislature cannot abridge the number. And it is contended here, that the statute above quoted is an attempted abridgment, and, therefore, unconstitutional. But we do not so regard it. The trial jury still consists of twelve, unless the prisoner consents to be tried by a less number. We see no constitutional objection to the giving of such consent, when the same instrument permits him to waive a jury altogether, and submit his case to the court. *Volenti non fit injuria.* Accordingly, in a case of misdemeanor, a verdict against him

rendered by less than twelve jurors, after an agreement to abide their finding, would be allowed to stand. The authorities cited by counsel show, however, that the decisions are not entirely harmonious on this question. Compare *1 Bishop Cr. Pro., sec. 898, 3 ed.*

Does the bill of exceptions show that the defendant agreed to be tried by a jury of eleven? Certainly not, at the time of empaneling a jury. For not only did he expressly refuse to waive his constitutional right, but he was ignorant, until near the close of the trial, that the panel was not full. So, if there was any such agreement, it must be implied from the defendant's objection, when the mistake was discovered, to the addition of another juror and beginning the trial anew. The court seems to have considered that proceeding with the trial before the eleven already empaneled was the necessary consequence of sustaining the objection interposed by the defendant himself, and was therefore not without his consent.

"Waiver is analogous to estoppel, or a species of it. The principle is, that one should not object to what has been done with his consent. And the consent may be as well implied as expressed. . . . . . . . . If the defendant has consented to any step in the proceeding, or if it had been taken at his request, or he did not object at the proper time, when he might, he cannot afterwards complain of it, however contrary it was to his constitutional, statutory or common law rights." *1 Bishop Cr. Pro., sec. 117–18.*

This doctrine was applied in *Rush Johnson's case, 43 Ark., 391*, where the prisoner was put upon trial without having been furnished with a copy of the indictment.

But the phrase "agreement of the parties" in the statute is stronger than waiver. It implies that the attorney for the state and the defendant, with the commission of the presiding judge, gave their consent to a departure from established forms of trial in criminal cases.

Now, it does not affirmatively appear from this record that the defendant ever consented to be tried by eleven men. True, he objected to taking the case from the eleven, swearing another juror, and rehearing the evidence and instructions before the augmented body.     No doubt the defendant shaped his course so as to take advantage of every legal right, however the court might rule.     But the discharge of the eleven jurors would not have operated as an acquittal.     *Whitmore v. State, 43 Ark., 271,* was a case of felony.     And the doctrine of former jeopardy has not the same application to misdemeanors punishable by fine alone. *Jones v. State, 15 Ark., 261; State v. Czarnikow, 20 Id., 160; State v. Nichols, 38 Id., 550; Southworth v. State, 42 Id., 270; Taylor v. State, 36 Id., 84; Steck v. State, 28 Id., 113.*

Besides, the jury being illegally constituted, without the defendant's consent, he was in no peril even of suffering the punishment denounced by the law against petty offenders.     The proper course to pursue was to discharge the eleven jurors and award a venire *de novo.*

Reversed and a new trial ordered.