MINNEQUA COOPERAGE COMPANY v. HENDRICKS, JUDGE.

Opinion delivered June 25, 1917.

CONSTITUTIONAL LAW—JURY TRIAL—VERDICT BY NINE JURORS.—The act of the Legislature of 1917, authorizing a verdict by less than the whole number of jurors in a case, is invalid, and in violation of the Constitution of 1874.

Mandamus to Pulaski Circuit Court; *G. W. Hendricks,* Judge; affirmed.

*J. A. Comer,* for petitioner.

1. It was the duty of the court to receive the verdict and enter judgment thereon. Even if Act 52 is in conflict with the Constitution, no objection was made, and the right to a unanimous verdict of twelve jurors was waived. It was the duty of the court to receive the verdict and enter judgment thereon. Kirby & Castle's Digest, §§ 7343, 7682, 7687; 44 Ark. 202; 79 Mo. App. 627; 19 Ohio Cir. Ct. Rep. 425.

*W. H. Rector,* for respondent.

1. Act 52, Acts 1917, is unconstitutional and void. A jury is twelve men and the verdict must be unanimous. The Legislature can not abridge the number. Art. 11, Sec. 7, Const. 1874; 32 Ark. 17; 16 *Id.* 384; 8 *Id.* 436; 47 *Id.* 568; 8 *Id.* 372; 2 Reeves' History Common Law, 270; 2 Hale's Pleas of the Crown, 161; 2 Blackstone's Comm. 349;

Chitty, Cr. Law, 505; 7 Amend. Const. U. S.; 166 U. S. 464; *Ib.* 707; 241 *Id.* 211; 174 *Id.* 1; 170 *Id.* 323; 33 L. R. A. 441.

All the States having provisions similar to ours, have held the necessity for a unanimous verdict of a jury of twelve. 186 Mo. 269; 85 S. W. 378; 171 Mo. 84; 70 S. W. 891; 1 Mont. 118; 41 N. H. 550; 110 Pa. St. 387; 2 Atl. 531; 9 Wyo. 157; 51 Pac. 466; 24 Cyc. 185; 126 Ind. 508; 2 J. J. Marsh (Ky.) 40; 12 Md. 514; 11 Pick. (Mass.) 501; 70 Miss. 247; 9 Heisk. (Tenn.) 248; 56 Tex. 331; 14 Gratt. (Va.) 630; 6 Wis. 205.

2. The parties did not waive a jury trial. 114 Wis. 516; 68 N. Y. Supp. 806; 58 N. E. 576; 45 *Id.* 145; 163 Ill. 652; 78 Miss. 525; 84 Me. 304; 172 N. Y. 482.

HART, J. C. E. Shiffer brought suit in the Pulaski Circuit Court against the Minnequa Cooperage Company for false imprisonment. The case went to trial before a jury of twelve duly qualified electors of Pulaski County. At the conclusion of the trial the cause was submitted to the jury and it retired to consider of its verdict. After deliberating for some time, the jury returned into court and reported that it was unable to agree upon a unanimous verdict. Whereupon the court called the attention of the jury to an act of the Legislature for the year 1917, empowering nine or more jurors to return a verdict in civil cases. The jury again retired to consider of its verdict and returned into court with a verdict signed by ten jurors. The court declined to accept the verdict on the ground that the act in question is unconstitutional. The so-called verdict was in favor of the defendant and the Minnequa Cooperage Company filed a petition in which the foregoing facts are set forth and asks this court to make an order requiring the circuit judge to accept said verdict and render judgment upon it.

The parties might have waived a jury in this case or they might have agreed that a less number than the whole might render a verdict in the case, but they did not do so. This is so because the court never permitted the verdict

to be returned and judgment to be rendered upon it. So it can not be said that the plaintiff in the case waived a unanimous verdict, or that his conduct amounted to an agreement that a less number than the whole might return a verdict. If the court had accepted the verdict and he had made no objections, it might be said that he could not speculate on the verdict by allowing it to be returned without objection, and then when he found that it was against him, object to it. Here, however, the court refused to receive the verdict.

This brings us to the question of whether the Legislature has the power to provide that a number of the petit jury less than the whole may render a verdict in a case where the Constitution gives to the party a right to a trial by jury. This was a common law action and the right of a trial by jury is guaranteed by our Constitution. *Govan* v. *Jackson*, 32 Ark. 553, and *State* v. *Churchill*, 48 Ark. 426.

Section 7 of the Declaration of Rights of our Constitution reads as follows:

"The right of trial by jury shall remain inviolate and shall extend to all cases at law without regard to the amount in controversy; but a jury trial may be waived by the parties in all cases in the manner prescribed by law."

This court, in construing a similar provision of an earlier Constitution of this State, said that the trial by jury is a great constitutional right, and when the convention incorporated the provision into the Constitution of this State, it must unquestionably have had reference to the jury trial as known and recognized by the common law. The court further held that the word, "jury," at common law, means twelve men, and that the Legislature can not abridge the number. *Larillian* v. *Lane,* 8 Ark. 372; *State* v. *Cox,* 8 Ark. 436; *Cairo & Fulton Railroad Co.* v. *Trout,* 32 Ark. 17.

These decisions settle beyond controversy that the words "trial by jury," as used in the section of the Constitution under consideration, must be given their common-law meaning. At common law the essential elements

of a trial by jury are and always have been, number, impartiality and unanimity. On this question the great English commentator said:

"Upon these accounts the trial by jury ever has been, and I trust ever will be, looked upon as the glory of the English law. And if it has so great an advantage over others in regulating civil property, how much must that advantage be heightened when it is applied to criminal cases. But this we must refer to the ensuing book of these commentaries; only observing for the present that it is the most transcendent privilege which any subject can enjoy, or wish for, that he can not be affected either in his property, his liberty, or his person, but by the unanimous consent of twelve of his neighbors, and equals." Lewis' Blackstone, Book 3, page 379, vol. 2, page 1340.

Mr. Proffatt, the well known author on Jury Trial, recognizes that the unanimity of the twelve members constituting the jury is an essential attribute of a trial by jury. Proffatt on Jury Trial, sec. 76, *et seq.* The author goes on to give the reasons for and against the requirement, but we are not concerned with that, for, as already seen, our Constitution has used the word in its common-law sense.

In *Lommen* v. *Minneapolis Gas Light Co.,* 60 A. S. R. 450, the Supreme Court of the State of Minnesota held that a statute providing for struck jurors does not infringe a constitutional mandate that, "the right of trial by jury shall remain inviolate." The learned judge in that case, however, in discussing the question of what is a trial by jury within the meaning of the Constitution, said:

"The expression 'trial by jury' is as old as *Magna Charta,* and has obtained a definite historical meaning, which is well understood by all English-speaking peoples; and, for that reason, no American Constitution had ever assumed to define it. We are, therefore, relegated to the history of the common law to ascertain its meaning.

"The essential and substantive attributes or elements of jury trial are and always have been, number, impartiality and unanimity. The jury must consist of

twelve; they must be impartial and indifferent between the parties; and their verdict must be unanimous.'' The decision in the case was based on the ground that the statute did not affect either of these three essential attributes of a trial by jury. The cases cited below are express authority for the proposition that unanimity was one of the essential features of a trial by jury at the common law. They also hold, in construing a similar provision of their Constitutions that the expression 'trial by jury' takes its common-law meaning, and that statutes adopting less than a unanimous verdict are unconstitutional. *Work* v. *State,* 2 Ohio St. 296, 59 Am. Dec. 671; Opinion of the Justices, 41 N. H. 550; *Jacksonville, etc., R. Co.* v. *Adams* (Fla.), 24 L. R. A. 272, and case note; *City of Denver* v. *Hyatt* (Colo.), 63 Pac. 403; *Carroll* v. *Byres* (Ariz.), 36 Pac. 499; *Lawrence* v. *Stearns,* 11 Pick. (Mass.) 501; *American Publishing Co.* v. *Fisher,* 166 U. S. 464; *Kleinchmidt* v. *Dunphy,* 1 Mont. 118; *First National Bank of Rock Springs* v. *Foster* (Wyo.), 54 L. R. A. 549; *Bradford* v. *Territory* (Okla.), 34 Pac. 66, and 16 R. C. L., p. 181.

The Seventh Amendment to the Constitution of the United States provides:

''In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved.''

In *Springville* v. *Thomas,* 166 U. S. 707, the Supreme Court of the United States, in construing an act of Congress authorizing the territorial Legislature of Utah to provide for verdicts in civil cases by less than the whole number of jurors, held that the act was clearly prohibited by the Seventh Amendment to the Constitution of the United States. Chief Justice Fuller, in reviewing the construction placed upon the act by the territorial court of Utah, said:

''In our opinion the Seventh Amendment secured unanimity in finding a verdict as an essential feature of trial by jury in common-law cases, and the act of Congress could not impart the power to change the constitu-

tional role, and could not be treated as attempting to do so."

In *M. & St. L. R. R. Co.* v. *Bombolis,* 241 U. S. 211, Chief Justice White said:

"It has been so long and so conclusively settled that the Seventh Amendment exacts a trial by jury according to the course of the common law, that is, by a unanimous verdict (citing cases), that it is not now open in the slightest question that if the requirements of that amendment applied to the action of the State of Minnesota in adopting the statute concerning a less than unanimous verdict, * * * both the statute and the action of the court were void because of repugnancy to the Constitution of the United States."

In that case, the court held that the requirement of the Seventh Amendment did not control the State courts, even when enforcing rights under a Federal statute like the Employer's Liability Act. By the Constitution of Minnesota in civil causes, after a case has been under submission to a jury for twelve hours without a unanimous verdict, five-sixths of the jury are authorized to reach a verdict, which is entitled to the legal effect of a unanimous verdict at common law. In several of the States majority verdicts may be rendered in civil cases, but this is the result of express constitutional authority. In construing sections of the Constitution similar to the one under consideration the courts have uniformly held that any legislation authorizing a verdict by less than the whole number of jurors in any case where a jury trial is a matter of right is unconstitutional, unless such legislation is expressly authorized by a constitutional provision.

On this point in addition to the authorities cited above, see 24 Cyc., p. 186, and cases cited. The reason is that the words "trial by jury" were used by the framers of the Constitutions of the various States in their common-law sense.

It follows that the act of the Legislature under consideration is unconstitutional and the prayer of the petition will be denied.

McCULLOCH, C. J., (dissenting). The Declaration of Rights embodied in the Constitution merely provides that "the right of trial by jury shall remain inviolate." It does not specify what number of men shall constitute a jury, nor how the verdict shall be rendered. That is left, by the silence of the Constitution on the subject, to legislative regulations. The purpose of the framers of the Constitution was to preserve, in this State, the principle of trial by jury, and not to prescribe any particular form by which the remedy shall be applied. There is no magic in particular numbers, and it is difficult for me to believe that those who inserted the declaration of principles into our organic law intended to hamper the Legislature in reforming legal procedure from time to time so as to keep pace with advanced thought. Any other view constitutes the worship of mere form instead of preserving a principle.

The principle of trial by jury found expression in some form or other long before it was declared or moulded into modern shape under the common law of England. The history of its origin and growth is an interesting study, but has little bearing, I think, on the interpretation of the language of our constitutional guaranty on the subject. The fact, which must be conceded, that as created under the common law, a jury trial was understood to mean the unanimous verdict of a jury of twelve impartial men, does not necessarily imply that the framers of the Constitution intended to perpetuate that mode of trial in the particular form then in vogue. That kind of trial was a growth, and to hold that the language of the Constitution fastened itself on the particular formula, is to say that all further progress on the subject was intended to be stopped. Why should we say that in the enlightened age in which our Constitution was adopted, it was intended to hinder further progress in the form of a remedy, of which the history of our jurisprudence bears witness to so much wholesome growth? From a small and uncertain beginning, the principle of trial by jury had, in course of centuries, taken practical form,

which was well understood, but there is now little, if any, disagreement in the opinions of thoughtful men that the common-law requirement of unanimity of a jury verdict is a serious impediment to rational enforcement of the laws, both civil and criminal. Did the framers of the Constitution mean to prohibit the Legislature from regulating jury trials by providing for a greater or less number of jurors than twelve and for a verdict of less than the whole of the jury? I think not.

Constitutions are usually mere declarations of principles and not specifications of details. This is particularly true of the provision now under consideration, for it appears in the Declaration of Rights where enumerations of principles are found in general terms.

I am, of course, aware of the fact that nearly all of the courts which have passed on the question, held that a constitutional guaranty of the right of trial by jury means a trial by a jury of twelve, and a unanimous verdict, according to the practice at common law. But I think the decisions are wrong. They follow each other blindly, and it seems to me to be the time to stop. Decisions on that subject do not become rules of property, and there is no obligation to follow them when found to be wrong.

The Supreme Court of the United States has, in perhaps stronger terms than any other court adhered to the view that "trial by jury" necessarily means the unanimous verdict of a jury of twelve men, but its position on that subject seems to me to be inconsistent with the forceful and wholesome doctrine announced as follows by that court in the case of *Hurtado* v. *California,* 110 U. S. 516: "It necessarily happened, therefore, that as these broad and general maxims of liberty and justice held in our system a different place and performed a different function from their position and office in English constitutional history and law, they would receive and justify a corresponding and more comprehensive interpretation. Applied in England only as guards against executive usurpation and tyranny, here they have become bulwarks also

against arbitrary legislation; but, in that application, as it would be incongruous to measure and restrict them by the ancient customary English law, they would be held to guarantee not particular forms of procedure, but the very substance of individual rights to life, liberty and property. Restraints that could be fastened upon executive authority with precision and detail, might prove obstructive and injurious when imposed on the just and necessary discretion of legislative power; and while in every instance, laws that violated express and specific injunctions and prohibitions, might, without embarrassment, be judicially declared to be void, yet, any general principle or maxim, founded on the essential nature of law, as a just and reasonable expression of the public will and of government, as instituted by popular consent, and for the general good, can only be applied to cases coming clearly within the scope of its spirit and purpose, and not to legislative provisions merely establishing forms and modes of attainment.''

My conclusion is that the statute of this State providing for the rendition of verdicts in civil cases by three-fourths of the jury is not in conflict with the Declaration of Rights in the Constitution.