DAVIS v. NELSON & SON.

Opinion delivered February 18, 1918.

TRIAL—INSTRUCTION ON NINE JURY VERDICT.—An instruction that "if nine members of the jury should agree on a verdict, then the jury could return a verdict for the party plaintiff or defendant in accordance with the agreement of said nine jurymen," is erroneous and prejudicial, where it does not appear from the record that the verdict was unanimous; and appellant does not lose his right to a reversal where he failed to have the jury polled.

Appeal from Union Circuit Court; *C. W. Smith,* Judge; reversed.

*Gaughan & Sifford,* for appellant.

1. The instruction of the court that nine members of the jury agreeing would justify a verdict was error. 130 Ark. 264.

2. Where an instruction is erroneous, the judgment should be reversed unless it affirmatively appears that the instruction is harmless. 110 Ark. 557; 69 *Id.* 134; 70 *Id.* 79; 67 *Id.* 604; 82 *Id.* 504-510; 107 *Id.* 170.

*Powell & Smead,* for appellee.

1. The error, if any, does not appear from the record, and the verdict may have been unanimous. The contrary is not shown. Kirby's Digest, § 6203; 95 Ark. 71.

McCULLOCH, C. J. In the trial of this action the court instructed the jury, over appellant's objection, that "if nine members of the jury should agree on a verdict, then the jury could return a verdict for the party plaintiff

or defendant in accordance with the agreement of said nine jurymen." This instruction was given by the court pursuant to the terms of a statute enacted by the General Assembly of 1917 (Acts of 1917, page 229), providing "that the verdict of any nine of the jurors in a civil case shall be accepted as the verdict of the jury," but this court decided in the case of *Minnequa Cooperage Co.* v. *Hendricks, Judge,* 130 Ark. 264, that the statute is unconstitutional. The statute is void as offending against the constitutional guaranty of the right of trial by a jury. The present case was tried in the court below prior to the decision of this court in the case cited above. The verdict of the jury was in appellee's favor without disclosing whether it was the unanimous verdict of all of the members of the jury or a less number of them.

The contention of appellee's counsel in support of the judgment is that the prejudicial effect of the instruction does not appear from the record for the reason that the verdict of the jury may have been unanimous and that appellant failed to show to the contrary, as he might have done by having the jury polled. The right to have a jury polled is a privilege provided for by statute (Kirby's Digest, section 6203), but appellant did not forfeit his right to insist that the direction of the court was erroneous merely by failing to have the jury polled. The polling of the jury might not have disclosed that the erroneous direction of the court had no prejudicial effect, for under that direction as a guide to the action of the jury a verdict concurred in by nine jurors was the verdict of the whole jury. The rule here is that a reversal of a judgment is ordered where it is shown that the instructions of the court were erroneous, unless it appears from the whole record that no prejudice resulted.

We are of the opinion, therefore, that the erroneous instruction concerning the concurrence of a less number than all of the jurors calls for reversal of the judgment in this case, notwithstanding the fact that the jury was not polled.

Reversed and remanded for a new trial.