THE STATE, EX REL. CITY OF COLUMBUS ET AL., *v.* BOYLAND, JUDGE.

(No. 78-1428—Decided June 27, 1979.)

*Mr. Gregory S. Lashutka*, city attorney, *Mr. Ronald J. O'Brien* and *Mr. Michael J. Morrissey*, for relators.

*Mr. George C. Smith*, prosecuting attorney, *Mr. Richard W. Siehl*, *Mr. Barry D. Levy* and *Mr. R. William Meeks*, for respondent.

LOCHER, J. The singular issue presented to this court in the instant action is whether that portion of Crim R. 23(B) which deals with the number of jurors in misdemeanor trials violates the Ohio Constitution.[1] Respondent maintains that the Ohio Constitution, as interpreted by this court, requires that a jury must consist of 12 members, while Crim. R. 23(B) requires only eight members in trials involving misdemeanors.

Respondent acknowledges that the rule states that, in misdemeanor cases, juries shall consist of eight, but cites *Work* v. *State* (1853), 2 Ohio St. 296, in which this court stated that the Ohio Constitution requires juries to consist of 12 persons, to be selected impartially, and to

---

[1]Section 5, Article I of the Ohio Constitution, provides:
"The right of trial by jury shall be inviolate."
Section 10 of Article I, provides:
*"In any trial, in any court*, the party accused shall be allowed to appear and defend in person and with counsel; to demand the nature and cause of the accusation against him and to have a copy thereof; to meet the witnesses face to face, and to have compulsory process to procure the attendance of witnesses in his behalf, and *a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed;* * * *. No person shall be compelled in any criminal case, to be a witness against himself; * * *. No person shall be twice put in jeopardy for the same offense." (Emphasis added.)

reach a unanimous conclusion of "guilt." Respondent further determined that the number of jurors in a criminal matter is a "substantive right," not a "procedural right," and cannot, therefore, be changed by the rule-making power of this court. Respondent relied upon this court's opinion in *Krause* v. *State* (1972), 31 Ohio St. 2d 132, wherein it is stated in paragraph five of the syllabus:

"The rule-making authority of the Supreme Court of Ohio is limited under Section 5(B) of Article IV of the Ohio Constitution to the formulation of rules governing practice and procedure in all the courts of the state, and by such rules this court may not abridge, enlarge or modify any substantive right."

We disagree with respondent's conclusion that the number of persons comprising a jury is a substantive right.[2] This court has previously stated that, in general terms, substantive law is that which creates duties, rights, and obligations, while procedural law prescribes the methods of the enforcement of those rights. *State, ex rel. Holdridge,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 175, 178; *Kilbreath* v. *Rudy* (1968), 16 Ohio St. 2d 70, 72; *Denicola* v. *Providence Hospital* (1979), 57 Ohio St. 2d 115, 117, at fn. 2.

Crim. R. 23(B) in no way attempts to alter a defendant's substantive constitutional right to a trial by jury.[3] It merely prescribes the method by which the substantive

---

[2] However, in *Ballew* v. *Georgia* (1978), 435 U. S. 223, the United States Supreme Court held that a jury of less than six in a criminal trial substantially threatens a defendant's Sixth and Fourteenth Amendment rights. Therefore, criminal defendants have a substantive right under the United States Constitution to a trial by a jury of at least six members.

[3] It should be noted that the United States Supreme Court held, in *Williams* v. *Florida* (1970), 399 U. S. 78, that the refusal to impanel more than six members for a jury in a Florida prosecution of a robbery suspect did not violate the defendant's Sixth Amendment rights as applied through the Fourteenth Amendment to the United States Constitution. Justice White, writing for the majority, stated, at page 102, that "the fact that the jury at common law was composed of precisely 12 is a historical accident, unnecessary to effect the purposes of the jury system and wholly without significance 'except to mystics.'"

right is to be exercised. It is properly characterized as procedural in nature. The rule, therefore, was properly promulgated pursuant to this court's rule-making authority pursuant to Section 5(B) of Article IV of the Ohio Constitution.[4]

We find that a clear legal duty exists and, therefore, order that a writ of mandamus issue ordering respondent to impanel a jury in accordance with Crim. R. 23(B).

*Writ allowed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY and HOLMES, JJ., concur.

[4]Section 5(B), Article IV of the Ohio Constitution, states, in pertinent part:

"The Supreme Court shall prescribe rules governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify, any substantive right."