Michael Wayne BYRD *v.* STATE of Arkansas

CR 94-167                                      879 S.W.2d 434

Supreme Court of Arkansas
Opinion delivered July 18, 1994

*Doug Norwood*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. Appellant Michael Wayne Byrd contends that Act 592 of 1993, now codified at Ark. Code Ann. § 16-32-202 *et seq.* (Repl. 1994), violates the Arkansas Constitution because it permits a trial court to empanel a six-person jury for misdemeanor offenses. We agree with Byrd that Act 592 does violate Article 2, § 7, of the Arkansas Constitution. We hold that the Act cannot stand, and we reverse and remand for a new trial.

On December 10, 1992, Byrd was arrested outside of Knob Hill after he was observed swerving from side to side and crossing the center line and charged with a misdemeanor, Driving While Intoxicated, first offense, under Ark. Code Ann. § 5-65-103 (1987). He was subsequently tried in Prairie Grove Municipal Court and found guilty. He appealed to circuit court, and on September 16, 1993, a trial *de novo* was held. Before the trial began, the trial court announced that the appeal would be heard by a six-person jury to which Byrd objected on multiple grounds, including a denial of his right to a jury trial as contemplated under the Arkansas Constitution. The trial court overruled his objection, and the trial took place before six jurors. Byrd was again convicted of DWI, first offense, and sentenced as follows: ten days in jail, a fine of $150, court costs totaling $392.75, and a suspended drivers license for ninety days.

The paramount section of Act 592 at issue in this appeal is set out below:

(a)(1) The jurors for the trial of criminal prosecutions shall be selected and summoned as provided by law.

(2) Juries shall be composed of twelve (12) jurors.

(b) However, cases other than felonies may be tried, in the discretion of the trial court judge, by a jury of six (6) jurors.

Ark. Code Ann. § 16-32-202 (Repl. 1994). Act 592 then goes on to describe the procedure for selecting juries of either twelve or six persons in misdemeanor cases, depending on what the trial court approves.

Prior to Act 592, subsection (a) of § 16-32-202 was identical to subsection (a) of Act 592, but § 16-32-202(b) read:

> (b) However, cases other than felonies may be tried by a jury of less than twelve (12) jurors *by agreement of the parties.*

Ark. Code Ann. § 16-32-202(b) (1987). (Emphasis added.) This statute allowing for a jury of less than twelve people "by agreement of the parties" had its genesis in the 19th century and was statutory law in Arkansas until the enactment of Act 592. *See* Code of Practice, § 191, p. 302 (1869).

Article 2, § 7 of the Arkansas Constitution establishes the inviolate right to trial by jury in this State. It provides in relevant part:

> The right of trial by jury shall remain inviolate, and shall extend to all cases at law. . .; but a jury trial may be waived by the parties in all cases in the manner prescribed by law; and in all jury trials in civil cases, where as many as nine of the jurors agree upon a verdict, the verdict so agreed upon shall be returned as the verdict of such jury, provided, however, that where a verdict is returned by less than twelve jurors all the jurors consenting to such verdict shall sign the same.

Article 2, § 7, represents two votes by the people of this State. The original section 7 was part of the 1874 Constitution ratified by vote of the people on October 13, 1874, and included the clauses stating that the right of trial by jury was inviolate and subject to waiver by the parties as prescribed by law. More than 50 years later, Amendment 16 added the clause relating to jury verdicts by nine jurors instead of twelve in civil cases. That amendment was adopted by a vote of the people on November 6, 1928.

Prior to the adoption of the 1874 Constitution, this court defined the term "jury" in two cases. *See Larillian v. Lane & Co.,* 8 Ark. 372 (1848); *State v. Cox,* 8 Ark. 436 (1848); *overruled in part on other grounds, Eason v. State,* 11 Ark. 481 (1851). In *Larillian,* only eleven people served on the jury, and we said:

> It is a well ascertained fact, that the common law jury con-

sisted of twelve men, and as a necessary consequence, since the constitution is silent upon the subject, the conclusion is irresistable (sic) that the framers of that instrument intended to require the same number.

8 Ark. at 374-375. In *Cox*, we had this to say regarding a six-person jury's hearing a felony case of assault and battery pursuant to a state statute:

> From the earliest period of the common law the term *jury* has had a technical and specific meaning, and has ever signified "a body of twelve citizens, duly qualified to serve on juries, empannelled (sic) and sworn to try one or more issues of facts submitted to them, and to give a judgment respecting the same called a verdict." *Bouvier's Law Dict., title jury*. The constitutional provisions securing the right of trial by a jury means a jury of twelve men, according to the known technical meaning of the term. Of his right to such a jury the defendant cannot be deprived, except by his own consent. True, he may waive the right and submit to a decision of six men, even to that of the justice of the peace himself, but in all cases where he may require it, it is the duty of the justice to empannel (sic) a legal jury of twelve men for the trial of the cause.

8 Ark. at 446-447.

■ It is against this backdrop that the 1874 Constitution was ratified. Accordingly, there is no question in our minds that both the framers of the Arkansas Constitution and the people voting on it read "jury" to mean a twelve-person panel. Indeed, that was the early definition of the term as noted in the reference to *Bouvier's Law Dictionary* in the quotation from *State* v. *Cox, supra*, and that definition has continued well into the 20th century. *See, e.g., Black's Law Dictionary*, "Petit Jury," p. 994 (4th Ed. 1957).

After the adoption of the 1874 Constitution, this court reversed a defendant's misdemeanor conviction for selling liquor to a minor because he was convicted by only eleven jurors. *Warwick* v. *State*, 47 Ark. 568, 2 S.W. 335 (1886). There, we said: "The word 'jury' is used in the constitution in its common-law sense, and means 12 men." 47 Ark. at 570, 2 S.W. at 336.

That "jury" under Article 2, § 7, means twelve persons is further evidenced by Amendment 16 to § 7 adopted in 1928, which clearly contemplated a jury of twelve people. The amendment authorized a reduction in the number of jurors from twelve to nine for verdicts in civil trials. Here again, we have no doubt that the people of Arkansas spoke on the issue with the standard concept of a twelve-member petit jury firmly entrenched in their minds.

It was in 1970 with the U.S. Supreme Court's decision in *Williams* v. *Florida*, 399 U.S. 78 (1970), that perceptions regarding the makeup of juries began to blur significantly. In that decision, the issue was whether a Florida statute providing for juries of twelve members in capital cases and six in all other criminal matters was constitutional under the U.S. Constitution. The Court noted that in the 19th century the size of the jury generally became fixed at twelve but went on to say that this seems more to have been a "historical accident." It concluded that the framers of the U.S. Constitution from all appearances did not intend to etch the concept of twelve jurors into the Sixth Amendment and that the number was "unnecessary to effect the purposes of the jury system." 399 U.S. at 461.

In the wake of *Williams* v. *Florida*, several state courts followed suit and adopted the rationale of that case with respect to statutes authorizing fewer than twelve jurors in certain trials. *See, e.g., State* v. *Ritchie*, 114 Idaho 528, 757 P.2d 1247 (Ct. App. 1988); *Carter* v. *State*, 702 S.W.2d 774 (Tex. Ct. App. 1986); *State* v. *Thrall*, 39 Conn. 347, 464 A.2d 854 (1983); *City of Seattle* v. *Hesler*, 98 Wash.2d 73, 653 P.2d 631 (1982); *O'Brien* v. *State*, 422 N.E.2d 1266 (Ind. Ct. App. 1981); *State ex rel City of Columbus* v. *Boyland*, 58 Ohio St.2d 490, 391 N.E.2d 324 (1979).

We decline the temptation to accept the *Williams* v. *Florida* rationale that the jury number can be changed by legislative act and are more persuaded by the reasoning of the Minnesota Supreme Court in *State* v. *Hamm*, 423 N.W.2d 379 (Minn. 1988) (plurality decision). In *Hamm*, the defendant asked for a twelve-person jury for his DWI charge but was limited to a jury of six under a state statute. He was convicted. The Minnesota Constitution, similar to Arkansas's, provided that the right to a jury trial was "inviolate" but did not state the number of jurors. The

lead opinion by Justice Yetka looked to an 1869 Minnesota case interpreting the term "jury" as a "body of twelve persons." Justice Yetka underscored the fact that the right to a trial before an impartial jury was fundamental and one of the "keystones to which other rights are anchored. . . ." 423 N.W. at 385. He concluded that the early caselaw defining juries as consisting of twelve persons was persuasive and that there was no good reason to overrule it. In a concurring opinion on narrower grounds, Justice Kelley wrote that reduction in jury size from twelve to six should be accomplished by constitutional amendment rather than legislative act.

We agree and are reluctant to erode the fundamental right of trial by jury under our system of state government without a vote of the people, particularly in light of Amendment 16 which installed nine-juror verdicts in civil cases and was a clear recognition by the people of this State that twelve-member juries was the standard. Nor are we persuaded by arguments that the number twelve is merely mystical and unnecessary and unimportant as suggested in *Williams* v. *Florida, supra.* The utilization of that number for jury composition for at least seven hundred years belies that. A panel of six jurors for misdemeanor trials may seem economical and, therefore, desirable at first blush because less serious offenses are involved. However, many misdemeanors including the DWI offense at hand are serious and carry with them maximum jail terms of one year and substantial fines.

■■ We, therefore, strike down Act 592 of 1993, codified at Ark. Code Ann. §§ 16-32-202 and 16-32-203 (Repl. 1994), which provides for a jury of six persons at the trial court's discretion, as violative of Article 2, § 7 of the Arkansas Constitution. Because we deem Act 592 to be void, §§ 16-32-202 and 16-32-203, as they existed prior to the enactment of Act 592, remain viable and extant.

Reversed and remanded for a new trial to be conducted in accordance with this opinion.

HAYS, J., dissents.

STEELE HAYS, Justice, dissenting. Act 592 of 1993 permits a trial court to empanel a six-person jury for misdemeanor offenses. We have held that there is a strong presumption of con-

stitutionality attendant to every legislative enactment, and all doubt concerning it must be resolved in favor of constitutionality. *Arnold* v. *Kemp*, 306 Ark. 294, 813 S.W.2d 770 (1991). The majority holds that Act 592 violates Article 2, § 7, of the Arkansas Constitution because the word "jury" means a twelve-person panel. Since Article 2, § 7, does not specify what number of persons shall constitute a jury, I respectfully disagree.

The majority principally relies on three cases where the Court simply concluded "the common law jury consisted of twelve men." *See Larillian* v. *Lane & Co.*, 8 Ark. 372 (1848); *State* v. *Cox*, 8 Ark. 436 (1848); *Warwick* v. *State*, 47 Ark. 568, 2 S.W. 335 (1886). However, the common law is not immutable, but flexible, and upon its own principles adapts itself to varying conditions. *Dimick* v. *Schiedt*, 293 U.S. 474 (1935); *Funk* v. *United States*, 290 U.S. 371 (1933). The common law is susceptible of growth and adaptation to new circumstances and situations, and courts have the power to declare and effectuate what is the present rule in respect of a given subject without regard to an earlier view. *Dimick*, supra.

In *Williams* v. *Florida*, 399 U.S. 78 (1970), the United States Supreme Court held that a panel of twelve is not a necessary ingredient of "trial by jury." The Court recognized that sometime during the 14th century the size of the jury at common law came to be fixed generally at twelve; however, the Court found the selection of that particular number was simply an historical accident, unnecessary to effect the purposes of the jury system. Indeed, juries of less than twelve were considered and actually used in the early days of our country. H. Richmond Fisher, *The Seventh Amendment and the Common Law: No Magic In Numbers*, 56 F.R.D. 507 (1973). The majority, however, concludes they are not persuaded by the arguments in *Williams* because twelve-person jury panels have been utilized for at least seven hundred years.

When the 1874 Constitution was ratified, Article 2, § 7 of the Arkansas Constitution provided that the "right of trial by jury shall remain inviolate." The provision did not specify what number of persons shall constitute a jury. The majority places significance upon Amendment 16 to § 7 which was adopted in 1928. Amendment 16 added the clause which provides:

> [A]nd in all jury trials in civil cases, where as many as nine of the jurors agree upon a verdict, the verdict so agreed upon shall be returned as the verdict of such jury, provided, however, that where a verdict is returned by less than twelve jurors all the jurors consenting to such verdict shall sign the same.

The majority concludes "the people of Arkansas spoke on the issue with the standard concept of a twelve-member petit jury firmly entrenched in their minds." However, Amendment 16 was adopted at a time when both this Court and the United States Supreme Court relied upon the common law to conclude the term "jury" meant twelve men. Furthermore, Amendment 16 was adopted because this Court held it was unconstitutional for the General Assembly to enact legislation authorizing a verdict by nine or more jurors in civil cases. *Minnequa Cooperage Co.* v. *Hendricks*, 130 Ark. 264, 197 S.W. 280 (1917).

I fully agree with Chief Justice McCulloch's dissenting opinion in *Minnequa*, supra, where he writes:

> The Declaration of Rights embodied in the Constitution merely provides that "the right of trial by jury shall remain inviolate." It does not specify what number of [persons] shall constitute a jury, nor how the verdict shall be rendered. That is left, by the silence of the Constitution on the subject, to legislative regulations. The purpose of the framers of the Constitution was to preserve, in this State, the principle of trial by jury, and not to prescribe any particular form by which the remedy shall be applied. There is no magic in particular numbers, and it is difficult for me to believe that those who inserted the declaration of principles into our organic law intended to hamper the Legislature in reforming legal procedure from time to time so as to keep pace with advanced thought. Any other view constitutes the worship of mere form instead of preserving a principle.

In sum, every feature of the jury as it existed at common law was not necessarily included in the term "jury" found in Article 2, § 7, of the Arkansas Constitution. Because I believe Act 592 does not violate Article 2, § 7, I would affirm the trial court.